IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 28, 2017

## STATE OF TENNESSEE v. MARSHALL SHAWN NELSON

**Appeal from the Criminal Court for Knox County**
**No. 109036, 108292  G. Scott Green, Judge**

_____

### No. E2017-00338-CCA-R3-CD

_____

The Defendant, Marshall Shaw Nelson, pleaded guilty to aggravated assault with an agreed sentence of six years with the trial court to determine the manner of service. After a sentencing hearing, the trial court denied an alternative sentence and ordered the sentence to be served in confinement. On appeal, the Defendant asserts that the trial court erred when it denied him an alternative sentence. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. ROSS DYER, J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Marshall Shawn Nelson.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Charme P. Allen, District Attorney General; and Deborah H. Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

A Knox County grand jury indicted the Defendant for aggravated assault, domestic assault, and violation of an order of protection. By agreement of the parties, the domestic assault and violation of an order of protection charges were dismissed and the Defendant agreed to plead guilty as a Range I, Standard Offender, to aggravated assault, a Class C felony, in exchange for a six-year sentence. At the Defendant's guilty plea submission hearing, the State provided the following factual basis to support the acceptance of the plea:

Knoxville Police Officer Dan Roark [ ] responded to a domestic disturbance call on December 22nd, 2015 at 3628 Sevierville Pike. What he found there was the victim, [ ] under obvious . . . excitement . . . . When he went to interview her, she had told Officer Roark that she had planned on getting on a bus and leaving [the Defendant]. That when [the Defendant] found this out he became angry. He grabbed her by the arms and yelled at her that she had to do what he said. He then shoved her down on the floor and onto the couch, at which point in time he grabbed her arm and dragged her across the carpet into the kitchen.

Officer Roark was able to observe what appeared to be a carpet burn on the center of her back. Ms. Belinda Testerman who was a friend of [the victim]'s had stopped by the apartment at around eight p.m. While she was present she had heard [the Defendant] say that [the victim] had to do what he said. That his anger comes from the Lord, and that he had the right to control [the victim]. He also told Ms. Testerman he was afraid he was going to hurt [the victim].

Ms. Testerman stated that [the Defendant] openly admitted that he has the right to slap [the victim]. [The victim] and her daughter were visibly shaken according to Officer Roark and afraid of [the Defendant].

[The Defendant] at the time was on probation for assaulting [the victim], and one of the conditions of his probation was that he was to have absolutely no contact with her.

After reviewing the Defendant's rights with him, the trial court accepted the Defendant's guilty plea to aggravated assault based upon the violation of the order of protection. The trial court announced the agreed upon sentence and the sentencing hearing date for the determination of the manner of service of the six-year sentence.

At the sentencing hearing, the State submitted the presentence report for the trial court's consideration. The trial court granted the Defendant's request to later file the results of the assessment for community alternatives to prison program ("CAPP"). The Defendant asked for an alternative sentence because he had been incarcerated for more than a year, giving him time to think and make changes in his life. In the Defendant's allocution statement, he accepted responsibility for "everything" and apologized "to the Court for doing the mistake."

In denying an alternative sentence, the trial court noted the Defendant's criminal history of three prior felony convictions and fifteen misdemeanor convictions and the fact

that the Defendant was allowed to plead guilty as a standard offender when he likely qualified as a multiple offender. The trial court then made the following findings:

> [The Defendant] was on probation, has been to the penitentiary already on other convictions in Texas. Was on probation for assaulting the same victim, had been ordered by an order of the general sessions court to stay away from the victim. He was enjoined and restrained as a condition.
>
> In spite of that admonition, in spite of that order, he went back around. Not only went back around the victim but assaulted her again in this case.

The trial court denied the Defendant's request for an alternative sentence and ordered the Defendant to serve his sentence in the Tennessee Department of Correction. It is from this judgment that the Defendant appeals.

## II. Analysis

On appeal, the Defendant contends the trial court erred when it denied him an alternative sentence. The Defendant argues that, given that he had been in continuous custody for more than a year preceding the sentencing hearing, had expressed remorse for his conduct, and expressed a desire for rehabilitation, the trial court should have granted some form of an alternative sentence. The State responds that the trial court properly denied alternative sentencing because it did so in reliance on sentencing principles, the Defendant was on probation at the time of the present offense, and the present offense involved a physical assault against the same victim as the offense for which he was serving a probation sentence. We agree with the State.

The standard of review for questions related to probation or any other alternative sentence is "'an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act.'" *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (citing *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) (2014) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at

rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a) (2014). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he or she is a suitable candidate for probation. T.C.A. § 40-35-303(b) (2014); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1) (2014). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103.

The record supports the trial court's findings in this case. The trial court's decision to deny an alternative sentence was based upon the Defendant's extensive criminal record and the Defendant's unsuccessful past attempt at completing an alternative sentence. These factors are all well-supported by the evidence. The presentence report shows numerous convictions and charges against the Defendant

evidencing an extensive criminal record. The Defendant has demonstrated a history of non-compliance with at least one alternative sentence and was serving a probation sentence when he committed the present offense. The present offense also involves the same victim from the offense for which he was serving the probation sentence. Furthermore, the results of the CAPP assessment indicate that the Defendant was not appropriate for placement and still posed a "continued threat to the safety of the community as well as the victim." While the Defendant was eligible for probation because his sentence was less than ten years, he failed to carry his burden of proving suitability for probation.

The trial court considered the pertinent facts of this case and appropriate sentencing principles and denied alternative sentencing based on the Defendant's criminal record, past failed attempts at less restrictive measures, and lack of potential for rehabilitation. The Defendant has not established that the trial court abused its discretion by denying his request for an alternative sentence. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude the trial court properly denied the Defendant an alternative sentence. As such, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE